FILED

2015 MAR -3 PM 2: 56

SUPERIOR COURT

IN THE SUPERIOR COURT OF GUAM

| PEOPLE OF GUAM, | CRIMINAL CASE NO. CF 0023-14 |
| vs. | |
| FRANCIS CHARLIE MADEUS,<br>MINORICHY NISAR T. RUGANTE, | **DECISION AND ORDER** |
| Defendants. | |

## INTRODUCTION

This matter came before the Honorable Arthur R. Barcinas on the 18th day of February, 2015, upon the Defendants' oral motions for judgment of acquittal. Assistant Attorney General Matthew Heibel and Assistant Attorney General Basil O'Mallan represented the People of Guam, Attorney Douglas B. Moylan represented Defendant Madeus, and Attorney William Pole represented Defendant Rugante. The Court ruled from the bench on February 20, and hereby enters the following Decision and Order setting forth the reasons for its ruling.

## BACKGROUND

After the close of the People's case-in-chief, both Defendants moved for judgment of acquittal. Defendant Rugante argued that he could not be guilty of kidnapping because: ten minutes was too short, as a matter of law, for the "substantial time" element to be met; and the kidnapping charge was multiplicitous with the force and coercion element of the first degree

**ORIGINAL**

criminal sexual conduct charge. Defendant Rugante also argued that there was insufficient evidence to find him guilty of criminal sexual conduct, because the DNA evidence did not point to him, or for that matter to Defendant Madeus.

Defendant Madeus adopted Defendant Rugante's arguments, and further added that the victim's testimony cleared Defendant Madeus and the victim instead accused other individuals of having committed the crime. Defendant Madeus also argued that he could not be liable on an aiding and abetting theory.

## DISCUSSION

In adjudicating a motion for judgment of acquittal, the Court must review the evidence presented in the light most favorable to the Government to determine whether "any rational trier of fact could [find] the essential elements of the crime beyond a reasonable doubt." People v. Cruz, 1998 Guam 18 ¶ 9.

Guam's kidnapping statute reads, in relevant part, as follows:

A person is guilty of kidnapping if he unlawfully removes another from his place of residence or business, or a substantial distance from the vicinity where he is found; or if he unlawfully confines another for a substantial period, with any of the following purposes:
(1) to hold for ransom or reward;
(2) to facilitate commission of any felony or flight thereafter;
(3) to inflict bodily injury on or to terrorize the victim or another; or
(4) to interfere with the performance of any governmental or political function.

9 GCA § 22.20(a). A person is guilty of kidnapping if he performs any one of the three acts in the introductory clause of subsection (a), with any of the four purposes in subsection (a)(1)-(4). Id. The Defendants were indicted with kidnapping in accordance with the People's theory that the victim S.R. (24 years old) had been unlawfully confined "for a substantial period." Second Am. Indict. 2, 3, Feb. 16, 2015; see also Jury Instr. 64, 70, Feb. 21, 2015.

The Defendants argue that the testimony was only sufficient to show that the incident lasted for ten minutes, and so there was no evidence that the confinement of the victim lasted for "a substantial period." However, other evidence was presented that the events in question elapsed over the course of two hours, and Jose White Longa in particular testified that they took place over a "long time." It is up to the jury to assess the credibility and weight to give to such evidence. The evidence submitted to the jury is sufficient, if believed, to establish the "substantial period" element of the kidnapping charges beyond a reasonable doubt.

With regard to the Defendants' arguments that the charges are multiplicitous, it is true that under 9 GCA § 25.10(a)(2)(C), one of the ways for the force and coercion element of first degree criminal sexual conduct to be established is through a threat of retaliation, including a threat of kidnapping. See 9 GCA § 25.10(a)(2)(C). Arguably, the presented evidence that a kidnapping took place would also meet § 25.10(a)(2)(A), wherein force and coercion is established when the actor overcomes the victim through the actual application of physical force or physical violence. See 9 GCA § 25.10(a)(2)(A). However, first degree criminal sexual conduct and kidnapping have other, non-duplicating, essential elements, such that the People's decisions to charge the Defendants with both crimes do not present any double jeopardy concern. See, e.g., Blockburger v. United States, 284 U.S. 299, 304 ("[t]he applicable rule is that, where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision required proof of a fact which the other does not.")

9 GCA § 4.60, named "Guilt Established by Complicity," reads as follows: "A person is guilty of an offense if, with the intention of promoting or assisting in the commission of the offense, he induces or aids another person to commit the offense. If the definition of the offense

includes lesser offenses, the offense of which each person shall be guilty shall be determined according to his own culpable mental state and to those aggravating or mitigating factors which apply to him." 9 GCA § 4.60. Sufficient evidence has been introduced to put this alternate theory of Defendant Madeus's liability before the jury. In particular, Jose White Longa testified that Defendant Madeus physically restrained the victim, S.R. (24 years old). Moreover, it is well-settled that the indictment of a defendant as a principal is sufficient to put that defendant on notice that he may be convicted on proof of being an accomplice. See Hill v. Perini, 788 F.2d 406, 407 (6th Cir. 1986); see Quigg v. Crist, 616 F.2d 1107, 1111 (9th Cir. 1980). When viewed in the light most favorable to the People, the evidence of first degree criminal sexual conduct and the lesser included offense of third degree criminal sexual conduct was sufficient to present to the jury a theory that Defendant Madeus aided or abetted, or was complicit, in the crimes of others.

Testimony by FBI forensic examiner Shane Hoffman showed that it was inconclusive whether the DNA recovered from the victim included either Defendant Rugante's or Defendant Madeus's DNA. However, other evidence presented was sufficient to put the charges of first and third degree criminal sexual conduct before the jury with regard to both Defendants. The victim S.R. (24 years old) testified that Defendant Rugante sexually penetrated her. While the victim recanted her previous statement to the police regarding Defendant Madeus's involvement in the crime, the recantation was contradicted by her prior inconsistent statement and by Jose White Longa and Mackson Saret's testimony. It is the jury's responsibility to weigh the credibility of the victim's live testimony against the credibility of her previous statement and the credibility of other witnesses.

## CONCLUSION

Viewed in the light most favorable to the People, the evidence was sufficient for a reasonable jury to find the Defendants guilty beyond a reasonable doubt of the crimes they were charged with. For the reasons set forth above, the Defendants' motions for judgment of acquittal are DENIED.

**IT IS SO ORDERED** this day of ___MAR 0 3 2015___.

**HONORABLE ARTHUR R. BARCINAS**
**Judge, Superior Court of Guam**

SERVICE VIA COURT BOX
I acknowledge that a copy of the original hereto was placed in the court box of:

AGS/ Maylon/ Pole

Date: 3/3/15   Time: 3pm

Deputy Clerk, Superior Court of Guam